# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNESTO ALONZO RAMIREZ, | : | |
|     Petitioner | : | |
| | : | No. 1:18-cv-01005 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN DAVID J. EBBERT | : | |
|     Respondent | : | |

## MEMORANDUM

On May 11, 2018, the Court received and filed the instant pro se petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241 by Petitioner Ernesto Alonzo Ramirez ("Petitioner"). (Doc. No. 1.) Petitioner also filed a motion to seal this entire action. (Doc. No. 2.) For the reasons set forth herein, the Court will dismiss the petition without prejudice and will deem Petitioner's motion to seal withdrawn.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated at the United States Penitentiary - Lewisburg, Pennsylvania ("USP-Lewisburg"), filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his designation to the Special Management Unit ("SMU") program at USP-Lewisburg. (Doc. No. 1.) It appears that Petitioner believes that his placement in the SMU involved retaliatory actions by a correctional officer as a result of Petitioner filing grievances and complaints against the officer. (Id. at 3-6.) As a result, Petitioner contends that he

1

has been wrongfully placed in administrative segregation and has lost phone privileges. (Id. at 7.) In his request for relief, Petitioner seeks a restoration of his phone privileges and to be removed from the SMU. (Id.)

## II. DISCUSSION

The Court first reviews Petitioner's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b), to determine whether the petition may be subject to summary dismissal. See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It has been repeatedly held that "[a] petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.' " Thomas v. Hauser, No. 3:15-CV-0469, 2015 WL 1566233, at *1 (M.D. Pa. April 8, 2015) (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970)). The Allen court stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Federal habeas relief is unavailable unless the petition attacks "the validity of the continued conviction or the fact or length of the sentence." Leamer, 288 F.3d at 542. For instance, under § 2241, a federal prisoner may challenge the execution of his sentence – such as a claim concerning the denial or revocation of parole, or the loss of good-time credits – in the district court for the federal judicial district where the prisoner is in custody. See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443-44 (2004); Coady v. Caughn, 251 F.3d 480, 485 (3d Cir. 2001).

In contrast, where a "judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." See Green v. Bledsoe, No. 4:10-cv-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting Suggs v. B.O.P., Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." Leamer, 288 F.3d at 542. Where a federal inmate is challenging the conditions of his confinement, the filing of a Bivens[1]

---
[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

Here, Petitioner challenges his placement in the SMU as well as a restoration of his telephone privileges. (Doc. No. 1.) However, these arguments do not constitute challenges to the fact or duration of Petitioner's confinement, as any favorable decision would not alter his sentence or undo his conviction. See Cardona v. Thompson, 551 F. App'x 630, 632 (3d Cir. 2013) (finding that a favorable resolution in such issues "would mean at most release into the general population; it would not mean a shorter stay in prison). Rather, Petitioner's challenges concern the conditions of his confinement, which do not sound in habeas. See Dodd v. Smith, No. 3:cv-05-1802, 2005 WL 2234642, at *1 (M.D. Pa. Sept. 14, 2005) (finding that inmate's challenge to the sanctions imposed in a disciplinary proceeding which did not result in the forfeiture of good time credits and did not extend the length of inmate's incarceration, was not a proper habeas claim); Bedenfield v. Lewisburg, Civ. No. 10-1750, 2010 WL 3511507, at *1 (3d Cir. Sept. 9, 210) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); Green, 2010 WL 1372409, at *2 (dismissing petitioner's § 2241 habeas petition challenging SMU

placement as not cognizable under § 2241); Woodruff v. Williamson, No. 3:06-cv-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (same).

A plain reading of the petition does not indicate that Petitioner's sanctions included a loss of good conduct time, or that the duration of his confinement has been affected. Accordingly, the instant petition will be dismissed without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.[2]

Finally, although Petitioner has filed a motion to seal (Doc. No. 2), he has not filed a brief in support as required by Local Rule 7.5. Local Rule 7.5 requires that a party file a brief in support of any motion, with the exception of a few circumstances not applicable here. L.R. 7.5. "If a supporting brief is not filed within the time period provided in this rule the motion shall be deemed to be withdrawn." Id. Because Petitioner has not filed a brief in support of his motion in accordance with the Local Rules of Court, his motion will be deemed withdrawn.

### III. CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus (Doc. No. 1.), will be **DISMISSED** without prejudice to Petitioner's right to pursue his

---

[2] The Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may filed based upon the facts asserted in the instant petition.

5

claims in a properly filed civil rights action, and Petitioner's motion to seal (Doc. No. 2), will be deemed withdrawn. An appropriate Order follows.

                               s/Sylvia H. Rambo
                               SYLVIA H. RAMBO
                               United States District Judge

Dated: June 26, 2018